NORMAN A. DENLER, Respondent, *v.* CONTINENTAL CASUALTY COMPANY, Appellant.

Fourth Department, May 6, 1925.

**Insurance — accident insurance — defense of false statement which materially affected acceptance of risk — defense based on physical ailment not disclosed — question for jury whether statement was false in material respects and if so whether it came within exception in policy — instructions — error to charge that defendant would be relieved of liability if it would have been justified with knowledge of facts in refusing insurance — defendant had option to insure or not.**

In an action on an accident insurance policy in which the defense interposed is that the insured falsely represented facts relating to existing or prior physical ailments and that under the terms of the policy said false representation materially affected the acceptance of the risk and the hazard assumed by the company and rendered the policy void under the provisions contained therein, the court properly submitted to the jury the question whether or not plaintiff's statement in his application was false in any material respect and also whether or not, if it was false, it came under the operation of the forfeiture clause of the policy.

It was error for the court to charge that the insurance company would be relieved from liability if, with knowledge of the facts, it would have been justified in refusing to insure the plaintiff, for it was entirely optional with the insurance company whether or not it accepted plaintiff's application and issued to him a policy.

APPEAL by the defendant, Continental Casualty Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 24th day of November, 1924, upon the verdict of a jury, and also from an order entered in said clerk's office on the 2d day of December, 1924, denying defendant's motion for a new trial made upon the minutes.

*Gibbons & Pottle* [*Frank Gibbons* of counsel], for the appellant.

*Thomas J. McKenna,* for the respondent.

TAYLOR, J.:

The defendant issued a policy of accident insurance to the plaintiff in November, 1923. The written application of plaintiff for said policy, which was indorsed thereon, contained the following:

" 13. Except as herein stated I have not had nor am I now suffering from tuberculosis, paralysis, rheumatism, hernia, appendicitis,

nor any chronic or periodic mental or physical ailment or disease, nor am I crippled or maimed, nor have I any defect in hearing, vision, mind or body. No exceptions."

In December, 1923, the plaintiff received a personal injury through accidental means which disabled him for eighteen months. The jury has awarded plaintiff a verdict of $517.50.

In the application, which was signed by plaintiff, he stated that if any statement or representation in the application were false, " all right to recovery under said policy shall be forfeited to the Company, if such false statement was made with actual intent to deceive, or if it materially affects either the acceptance of the risk or the hazard assumed by the Company." This is substantially the language in part of section 107, subdivision (f), of the Insurance Law (as added by Laws of 1913, chap. 155).

It must be observed that plaintiff thus agreed to forfeit his rights if any false representation or statement materially affected either (a) the acceptance of the risk, or (b) the hazard assumed by the company. On the trial, testimony was introduced from which the jury might have found that plaintiff, when he made said application, was suffering from a physical ailment comprehended by said paragraph No. 13 of his application.

Under the facts and the law of this case (*Eastern District Piece Dye Works, Inc.,* v. *Travelers Ins. Co.,* 234 N. Y. 441) the learned trial court was right in permitting the jury to determine as facts whether or not the plaintiff's said statement No. 13 was false in any material respect, and also whether or not, if so, it came under the operation of the above-specified paragraph of its policy and section 107 of the Insurance Law.

However, as to the acceptance of the risk by the company, the following occurred: A juror asked the court a question which was substantially this: " Suppose we believe the company when it said it would not insure the plaintiff if the company knew the defect, but do not believe they would have been justified in refusing to insure,— what shall we say then? " The court then said to the jury in substance " that the circumstances must have been such that the company would have been justified in refusing; that it could not relieve itself from liability by merely saying it would refuse; but that if, under all the circumstances and the materiality of this defect, it would have been justified in refusing, then they are relieved from liability." Counsel for defendant excepted to this statement and requested the court to charge that the company was its own judge as to what was justifiable in the matter of accepting or refusing a policy. The court declined to so charge and an exception was taken.

Fourth Department, May, 1925.                    [Vol. 213

We are of the opinion that it was entirely optional with the company whether or not it accepted this plaintiff's application and issued to him a policy; therefore, that the court was in error in making the above statement to .the jury.

Discussion of other points raised is unnecessary.   The erroneous ruling indicated is of such importance that because of it the judgment and order appealed from should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

HUBBS, P. J., CLARK, DAVIS and SEARS, JJ., concur.

Judgment and order reversed on the law and new trial granted, with costs to appellant to abide event.