Pasquale Piccininni, Appellant, *v.* Ætna Life Insurance Company, Respondent.

Second Department, April 9, 1937.

*J. Irwin Shapiro,* for the appellant.

*James F. Robertson* [*Allen M. Taylor* with him on the brief], for the respondent.

Close, J. The action is upon a policy insuring against loss resulting directly and independently of all other causes from bodily injuries sustained during the term of the policy and effected solely through accidental means. The appellant recovered judgment after a jury trial in the City Court of the City of New York, County of Queens. Upon appeal to the Appellate Term the judg-

ment was reversed and the complaint dismissed upon the ground that a false statement in the application for the policy materially affected the acceptance of the risk and the hazard assumed as a matter of law.

In our opinion it was a question of fact for the jury to determine whether the false statement in the application for the policy materially affected either the acceptance of the risk or the hazard assumed by the insurer. (*Denler* v. *Continental Casualty Co.*, 213 App. Div. 30; *Penn Mutual Life Ins. Co.* v. *Mechanics' Savings Bank & Trust Co.*, 72 Fed. 413; *Ward* v. *Standard Acc. Ins. Co.*, 30 F. [2d] 328.) We order a new trial, rather than a reinstatement of the verdict, because the trial court erred (1) in admitting hearsay evidence regarding examinations of the plaintiff's eyesight in 1920 and 1925, and (2) in charging the jury that plaintiff's statement in the application could not be false unless he had knowledge of the impairment of his vision. Even an innocent misrepresentation would avoid the policy if it materially affected the acceptance of the risk or the hazard assumed by the insurer. (Insurance Law, § 107, subd. [f].) Since the action is to be retried, we deem it advisable to point out also that the testimony received from the witness Usher at folios 337–339 was improper and that the plaintiff's objection thereto should have been sustained. The correct method of eliciting testimony from a duly qualified witness is to ask him whether or not, from the practice and usage of accident insurance companies generally, knowledge of the plaintiff's impaired vision would have led to a rejection of the risk or to further inquiry. (*Penn Mutual Life Ins. Co.* v. *Mechanics' Savings Bank & Trust Co.*, *supra.*)

The order of the Appellate Term should be modified by striking out the words " with costs to appellant, and complaint dismissed, with costs " and by inserting in place thereof the words " and a new trial ordered, costs to abide the event." As so modified, the order is affirmed, with costs to appellant Piccininni.

JOHNSTON and TAYLOR, JJ., concur; LAZANSKY, P. J., and ADEL, J., dissent and vote to affirm without modification.

Order of Appellate Term modified by striking out the words " with costs to appellant, and complaint dismissed, with costs," and by inserting in place thereof the words " and a new trial ordered, costs to abide the event." As so modified, the order is affirmed, with costs to appellant Piccininni.