Reid S. Moule, J.
The plaintiff, which issued a policy of insurance on the life of the above-named incompetent, moves for summary judgment on its first cause of action to rescind the accidental death benefit provision and on its second cause of action to rescind the waiver of premium after total disability provision.
The complaint alleges and the answer admits that the incompetent represented in his application for the policy that he had never received any disability benefits from any source, had not consulted or been treated by a physician for nervous or mental symptoms, and had not been treated by a physician or confined to any hospital for the past five years; that such representations were false, were material, and were relied on by the plaintiff in issuing the policy.
The defendant claims that the provisions sought to be rescinded are now incontestable and in any event that an incompetent is not chargeable with misrepresentations, since he was incapable of knowing the meaning of his acts.
While the life insurance provision of the policy is now incontestable I do not believe the provisions sued on are incontestable. By the terms of the policy the accidental death benefit provision is contestable during the life of the policy and the waiver of premium after total disability provision is contestable if total disability occurs within three years from the date of issue of the policy. The proof submitted by the plaintiff establishes and in fact the answer alleges that the incompetent was totally disabled within three years from the date of issue of the policy.
The court is aware of the rule of law that a contract with an incompetent person who has not been adjudicated is not valid and while the other party may not rescind it because of the incompetency, the incompetent party may if the other party can be placed in status quo. This rule was developed to protect not only the incompetent but also an innocent party who had conferred a benefit on an incompetent party.
*906 In the instant case, the plaintiff is not seeking to rescind because of the incompetency, but because of the material misrepresentations. If it were because of the former, the incompetency would act as a shield to protect the incompetent. However, there is no reason to allow the incompetency to be used as a sword and that is what the effect would be if an incompetent were not responsible for misrepresentations. Consequently, the court holds that an incompetent is responsible for misrepresentations, and that a contract based on such may be rescinded by the innocent party. That the misrepresentations were innocently made is of no consequence. (Eastern District Piece Dye Works v. Travelers Ins. Co., 234 N. Y. 441; Piccininni v. Ætna Life Ins. Co., 250 App. Div. 498; Keck v. Metropolitan Life Ins. Co., 238 App. Div. 538, affd. 264 N. Y. 422.)