Richard S. Lane, J.
In this action, tried before me and a jury, plaintiff was seeking to recover under a jewelers’ block policy for losses suffered in a burglary. The defense was material misrepresentations in the application for the policy. After completion of testimony, defendant moved to dismiss and I granted the motion.
Plaintiff by this motion asks me to recall my determination and order a new trial. Plaintiff’s moving papers offer nothing new factually or legally and, accordingly, the motion is denied.
Plaintiff’s misrepresentations were not in Item 17(e)(ll) of the application as argued in the moving papers. Rather they were in Items 17(a), # 17(b) and # 17(c) of the application with respect to the size of plaintiff’s inventory. That they were misrepresentations was established by documentary evidence introduced on trial by plaintiff itself.
Plaintiff seeks to explain away the misrepresentations by arguing from Item 17(e)(ll) that it wanted to limit the policy coverage to only part of its inventory. While perhaps the policy could have been subject to amendment, certainly such amendment could only be accomplished by an indorsement negotiated between the parties and not by a unilateral and ambiguous statement in the application.
Plaintiff also seeks to explain away the misrepresentations by arguing from computations marrying the value of the gold and silver in its premises to the limit of liability under the policy on the gold and silver in its bank vault. Ingenious but totally without warrant under the language of the application. *794 Items 17(a), 17(b) and 17(c) asked for "inventories of all property wherever located”. Furthermore in the application, plaintiff was requesting a limit of liability on the gold and silver in its bank vaults of $30,000 rather than $15,000. Accordingly, even accepting this theory, its answers with respect to the size of its inventories were misrepresentations.
At best, these explanations demonstrate that the misrepresentations were not made with intent to deceive. Defendant, however, need not show fraud to avoid the policy (30 NY Jur, Insurance, § 917; E.D.P. Dye Works v Travelers Ins. Co., 234 NY 441, 449-450; John Hancock Mut. Life Ins. Co. v Berg, 49 Misc 2d 904). All that is necessary is a showing that the misrepresentations were knowingly made (Hartnett v Home Life Ins. Co., 18 AD2d 281). That test was passed when it was shown that plaintiff gave Federal authorities other figures for its inventories.
Documentary evidence again established that the misrepresentations were material. Defendant’s rating manual was introduced to show premiums chargeable and it was buttressed by reference to sections 184 and 185 of the Insurance Law rendering failure to comply therewith illegal. Plaintiffs argument made on the trial motion that materiality can only be shown by evidence of the practice of the insurer pursuant to subdivision 3 of section 149 of the Insurance Law is erroneous. It is one way but not the only way. Nor is this a case like Lindenbaum v Equitable Life Assur. Soc. (5 AD2d 651) where the insurer proffered nothing more than a bald assertion that the application would have been rejected if the true facts had been revealed. Here it is clear from the rating manual that if the true size of plaintiffs inventory had been revealed, the premium chargeable would have been higher, and it would have been illegal for defendant to enter into this particular contract of insurance.
Plaintiff refuses to accept the evidence of the rating manual on the ground that defendant’s risk under the policy was in any event no greater than the inventories as stated in the application. Plaintiff thus appears to be invoking section 150 of the Insurance Law. I question this factually in view of the potential of multiple incidents and multiple claims under the policy. I certainly question it legally because section 150 refers to risk of loss to the insured not the insurer. It is concerned with misrepresentations of facts which, in the context of this case, would have increased the risk of a burglary taking place. *795 Representations such as the existence of a protective alarm device fit the category. Representations as to the size of the inventory do not.
I agree with plaintiff that the burden of proof of misrepresentation and the materiality thereof is on defendant and that ordinarily these are issues for the jury. However, where defendant has presented a prima facie case and where there is no basis for questioning credibility and there is no evidence to the contrary there are no questions of fact to be submitted to the jury (Chalom & Son v St. Paul Fire & Mar. Ins. Co., 285 F2d 909).
Accordingly, on the authority of Chalom & Son (supra) decided on New York law in 1961 and indistinguishable, the motion to reconsider and order a new trial is denied.
As indicated at trial, I reach this determination not without sympathy for a decent businessman who thought he was covered by insurance and now has learned after irreparable injury that he was not. Perhaps this was also the case for the 10 or more years in which he had a policy issued by defendant. Perhaps defendant should review its procedures for the purpose of preventing repetition of these unfortunate circumstances, lest, in this consumer-oriented world, it find itself subject to some legislative or administrative solution.