(88 Misc. Rep. 11)

### LOUGHRAN v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Term, First Department.   December 4, 1914.)

INSURANCE (§ 665*)—LIFE POLICY—ACTIONS—EVIDENCE.

In a suit on an industrial policy issued upon the life of plaintiff's intestate, a verdict for plaintiff *held* contrary to the weight of the evidence which showed that the policy was procured by an impostor.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1707–1728; Dec. Dig. § 665.*]

Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Mary Loughran, as administratrix of the estate of James Loughran, deceased, against the Prudential Insurance Company of America.   From a judgment for plaintiff, defendant appeals.   Reversed and remanded.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Dayton & Bailey, of New York City (Alfred M. Bailey, of New York City, of counsel), for appellant.

Godnick & Wilson, of New York City, for respondent.

COHALAN, J.   This action was brought by the plaintiff, as administratrix of James Loughran, deceased, to recover the sum of $395, alleged to be due from the defendant under an industrial policy of life insurance issued on the life of the decedent.   The appeal is based on the ground that the judgment rendered was against the weight of evidence.

Much of the evidence in the case is documentary.   The application for a policy of life insurance made by the decedent bears the date of September 11, 1912.   It appears that on the recommendation of one Mrs. O'Connell the defendant's agent called at the Loughran home, 304 East Thirty-Second street, on the evening of that day.   A man was introduced to him as James Loughran, and at the time the agent wrote on the application the words "September 11, 1912," and the person who appeared to be Loughran placed a cross mark upon the application.   The decedent's wife, the plaintiff herein, and her niece, were present at the time.   It is significant that one of the most material issues involved in the case was the date upon which the application was signed, and yet the plaintiff did not call her niece at the trial of the action to corroborate her story as to the date when the application was signed.   These facts are practically conceded by the parties to the action: That on September 11, 1912, the insured was in St. Joseph's Hospital; that he entered Bellevue Hospital on the 27th day of August, 1912; that after being in Bellevue Hospital about a week he was transferred to St. Joseph's Hospital; that he came out of that hospital on the 18th day of September, 1912; that from the time he entered Bellevue until he was discharged from St. Joseph's Hospi-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tal, on the 18th day of September, 1912, he was never out of the hospital, and plaintiff never saw him at any one of these institutions. It appears furthermore from the proof that the insured died on the 2d day of April, 1913, from pulmonary tuberculosis, the disease which took him to Bellevue and St. Joseph's Hospitals, and for which he was treated at these institutions.

The application contains a cross mark, instead of the signature of the decedent, and the question whether or not the real James Loughran, the plaintiff's husband, who was in St. Joseph's Hospital on the 11th day of September, 1912, could write his name, was a second material question in issue on the trial. Plaintiff testified that her husband could not write his own name, and at the same time admitted that her husband had insurance in the Metropolitan Life Insurance Company. The real James Loughran wrote his name on insurance applications in that company, on September 14, 1911, and on June 1, 1911. He did this in the presence of an agent of that company, and without any claim that he could not write. The evidence in the case is conclusive that in many instances the real James Loughran could write his name, and that he had always written it on every occasion when he had business to transact with the agents and physicians of the Metropolitan Life Insurance Company. The weight of such proof, in my view, should not be disregarded on this appeal. There is the additional circumstance that patients suffering from tuberculosis, and being treated in hospitals, do not ordinarily succeed in obtaining life insurance. Substantial justice requires the reversal of this judgment on the ground that it is against the weight of evidence.

Judgment reversed, and a new trial ordered; costs to appellant to abide the event.

BIJUR, J., concurs, on the ground that plaintiff's failure to call her niece as witness, and to explain even now the almost conclusive force of the documentary evidence adduced by defendant, compels a reversal of the judgment.

SEABURY, J., dissents.

