WAWZYN NOWAK, Respondent, v. THE BROTHERHOOD OF AMERICAN YEOMEN, Appellant.

MARY NOWAK et al., Respondents, v. THE BROTHERHOOD OF AMERICAN YEOMEN, Appellant.

(Argued October 24, 1929; decided January 7, 1930.)

*John H. Clogston* for appellant. The verdict of the jury of no cause of action directed by the court on account of the breach of warranty was proper. (*Preston* v. *Ætna Ins. Co.*, 193 N. Y. 142; *Saad* v. *New York Life Ins. Co.*, 201 App. Div. 544; *Bollard* v. *New York Life Ins. Co.*, 98 Misc. Rep. 286; 182 App. Div. 915; 228 N. Y. 521; *Baumann* v. *Preferred Accident Ins. Co.*, 174 App. Div. 871; 225 N. Y. 480; *Stanulevich* v. *St. Lawrence Life Assn.*, 228 N. Y. 586; *Grubiak* v. *John Hancock Mutual Life Ins. Co.*, 212 App. Div. 126; *Davern* v. *American M. L. Ins. Co.*, 241 N. Y. 318; *Satz* v. *Massachusetts Bonding & Ins. Co.*, 243 N. Y. 385; *Kwiatkowski* v. *Brotherhood of American Yeomen*, 216 App. Div. 647; 243 N. Y. 394; *Garrett* v. *Supreme Tribe of Ben Hur*, 219 App. Div. 413; 245 N. Y. 644; *Travelers Ins. Co.* v. *Pomerantz*, 246 N. Y. 63.)

*Merritt N. Baker* for respondents. The answers were not false as a matter of law; the cases were properly submitted to the jury; their verdicts follow the charge and were supported by the evidence; the order setting the verdicts aside and directing verdicts for defendant was erroneous, and the judgments and orders appealed from were proper. (*Nowak* v. *Brotherhood of American Yeomen*, 249 N. Y. 78; *Dilliber* v. *Home Life Ins. Co.*, 69 N. Y. 256; *Travelers Ins. Co.* v. *Pomerantz*, 246 N. Y. 63; *Valentini* v. *Metropolitan Ins. Co.*, 106 App. Div. 487; *Crosby* v. *Security Mutual Ins. Co.*, 86 App. Div. 89; *Genung* v. *Metropolitan Ins. Co.*, 69 App. Div. 424; *Cushman* v. *U. S. Life Ins. Co.*, 70 N. Y. 72; *Schmitt* v. *Michigan Mutual Ins. Co.*, 101 App. Div. 12; *Fletcher* v. *Bankers Life Ins. Co.*, 62 Misc. Rep. 546; *Edington* v. *Mutual Life Ins. Co.*, 67 N. Y. 185; *Eastern D. F. Dye Works* v. *Travelers Ins. Co.*, 234 N. Y. 441; *Smith* v. *Travelers Ins. Co.*, 76 Misc. Rep. 441.)

*Per Curiam.* Upon a former appeal (249 N. Y. 78) we held that the question, " Have you ever consulted a physician? " following the question, " Are you in good health? " might justly have been taken by the assured to mean " Have you ever consulted a physician in respect to ailments affecting your general health? " and, therefore, that the assured, in answering " No," may have told the truth. We see no reason for altering our views. It is not to be supposed, however, that the particular holding is authority for the proposition that, in all cases, questions as to consultations with a physician must be taken to relate to none other than communications between doctor and patient in respect to bodily disorders, which are grave. An insurer may wish to know how recently a physician has made a professional call upon an applicant for insurance, regardless of the topic discussed during the consultation between them. If the call has been recent, the insurer, upon that ground alone, may wish to reject the insurance application. If an insurer desires such knowledge it is entitled to it. But when, as in this case, an insurer in effect says, " Is your health good? " and follows the affirmative answer given with the question, " Have you consulted a physician? " it is as if the insurer said, " You have stated your health to be good. Have you ever consulted a physician about it? " The juxtaposition of the questions controls and limits the meaning in a particular instance, such as here shown.

The judgment in each action should be affirmed with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments affirmed.