LESLIE JENKINS, Appellant, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent.

First Department, May 29, 1931.

*Robert M. Hitchcock* of counsel [*Hitchcock & O'Brien*, attorneys], for the appellant.

*Thomas McCall* of counsel [*Leonard M. Gardner* with him on the brief; *Frederick C. Tanner*, attorney], for the respondent.

TOWNLEY, J. Plaintiff, the beneficiary of a life insurance policy issued by the defendant, brought this action to recover the proceeds thereof. Payment was resisted upon the ground that the insured had made false statements in her application for the policy. The court submitted to the jury the materiality of the statements claimed to be false. The jury returned a verdict in favor of the plaintiff. The court set this verdict aside and dismissed the com-

plaint upon the ground that the misrepresentations in the application were material as a matter of law. There were certain questions as to the good health of the insured at the time the policy was issued, the dates of the attendance of a Dr. Lang and the date of his report that the deceased was suffering from tuberculosis. With regard to these the testimony was conflicting and was properly submitted to the jury.

The only representation requiring discussion is that made in answer to the following question: " 13. Have you within the past five years had medical advice for any disease or disorder not included above? Give full particulars." The list of diseases and disorders referred to in this question consisted of some twenty-eight listed on the application. Practically all of these were of a substantial character. The trial court in its ruling that the representations made by the insured in her answer to this question were material as a matter of law relied upon *Travelers Insurance Co.* v. *Pomerantz* (246 N. Y. 63) and *Minsker* v. *John Hancock Mutual Life Ins. Co.* (254 id. 333). We do not think that these authorities support the conclusion reached.

In the determination of this question due consideration must be given to the form of the question addressed to the insured. The question under consideration in both the *Pomerantz* and *Minsker* cases involved general inquiries as to *any* consultation with a physician. In neither of these cases was there any proof as to the character of the ailment for which the insured had received treatment. Inquiry as to this was in each case prevented by objection to testimony of the physician who had been consulted. The court held in each of these cases that the representation was material as a matter of law. No case has been presented where the question was general, and there was proof that the ailment was trivial. But the Court of Appeals in the *Pomerantz* case and again in *Nowak* v. *Brotherhood of American Yeomen* (252 N. Y. 465) indicated that if the inquiry be general, the insurance company has a right to a truthful answer and any misrepresentation made in answer to such a question is material.

These cases, however, have no application to the question before us. The question here was whether the insured had consulted a physician for any disease or disorder other than some twenty-eight serious diseases listed in the application. The plain implication from the juxtaposition of these clauses is that the inquiry was directed to substantial diseases of the general character of those enumerated in the section referred to. Certainly, it may reasonably be found that the insured so understood it. The diseases which called for the attendance of a physician here were on April 26,

1928, for grippe, on May 9, 1928, for purulent otitis, right, and on September 14, 1928, for salpingitis, left. The records of the insured's employer show that she was absent four days when she had the grippe and not absent at all on the other occasions when she consulted a physician. The insured might well have understood the question as having no application to trifling ailments such as those which occasioned the attendance of a physician on the dates mentioned.

A question similar in import to that involved in the instant case was considered by the Court of Appeals in *Nowak* v. *Brotherhood of American Yeomen* (249 N. Y. 78), decided after the *Pomerantz* case. There the query, " Have you ever consulted a physician?" was immediately preceded by, " Are you in good health?" The court in its opinion (at pp. 82, 83) said: " What more natural than for the assured, who had just answered the latter question in the affirmative, to think that the former question required of her an affirmative answer only provided a previous consultation with a physician was in relation to a disorder which affected her present state of health." Similarly, in *Cushman* v. *United States Life Ins. Co.* (70 N. Y. 72) the question was whether the insured had ever had a disease of the liver. The proof showed that he had been treated on several occasions for congestion of the liver and had died from that disease. It was held that his answers were not untruthful. The court in its opinion said: " By the questions inserted in the application, the defendant was seeking for information bearing upon the risk which it was to take, the probable duration of the life to be insured. It was not seeking for information as to merely temporary disorders or functional disturbances, having no bearing upon general health or continuance of life."

When the *Nowak* case was before the Court of Appeals a second time (*Nowak* v. *Brotherhood of American Yeomen*, 252 N. Y. 465), the court reiterated the position taken by it on the former appeal and in the concluding sentence of the opinion said: " The juxtaposition of the questions controls and limits the meaning in a particular instance, such as here shown."

We think accordingly that in the present instance the issues raised were rightly submitted to the jury to determine their materiality and that the verdict should be reinstated.

The judgment should be reversed, with costs, and the verdict reinstated.

FINCH, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed, with costs, and the verdict reinstated.