BEN KIRSCHNER, Plaintiff, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, December 30, 1935.

*J. J. & A. L. Weiss* [*J. J. Weiss* of counsel], for the plaintiff.

*Alexander & Green* [*J. M. Preston* of counsel], for the defendant.

GENUNG, J.  This is an action to recover disability benefits including the return of premiums paid under the provisions of two life insurance policies issued by defendant on plaintiff's life.

The first policy issued in point of time is No. 7999474.  Parts I and II of the application are both dated February 14, 1930.

The second policy is No. 8448463.  Part I of the application is dated April 24, 1931.  Part II of the application is dated April 29, 1931.

It is conceded that disability commenced January 1, 1935.  The date on which the disability payments would become due under the terms of the policies is May 1, 1935.

The defendant in its defense claims that the plaintiff made several material misrepresentations in part II of the applications for both policies.  The defendant offered proof that the plaintiff had attended the medical clinic of the New York Post Graduate

Hospital where he consulted and was treated by Dr. Sidney H. Schechner on December 28, 1925. He again attended the same clinic and saw the same doctor on January 8, 1926. Dr. Schechner testified that he had advised that an X-ray of the plaintiff be taken at the Post Graduate Hospital, which was done on December 31, 1925. The doctor testified that the plaintiff had consulted him as a patient and the doctor referred him to the hospital to have the X-ray taken because he " suspected something on account of the cold and the slight temperature." The doctor had examined him at that time and wanted to make sure how his lungs were. The plaintiff had been coughing for a week or two. The doctor listened to his chest. He did not find any crepitant rales. The X-ray report, however, showed some calcification, a fibrous tubercular process in the upper branch of the apex of the lung and a thickening of the hilus root. It was an old fibrous tubercular process which did not show any recent infiltration. On cross-examination he testified that at that time the plaintiff had just an ordinary common cold and he sent him to the hospital merely for the purpose of checking up. Clinically, there was at that time nothing wrong with the plaintiff.

The defense relating to the first policy may be analyzed as follows: 1. The defendant claims that the plaintiff made a material misrepresentation in part II of the application for the first policy by stating that he had never been under observation or treatment in any hospital, asylum or sanitorium (answer to question 3F).

The question arises whether the fact that plaintiff went to the hospital where he had an X-ray examination is observation or treatment in a hospital as meant by the question. " Observation" is the " Act of seeing or of fixing the mind upon anything; fact of being observed; the result of an act, or of acts, of observing." (46 C. J. 865.) " Treatment " is a broad term covering all the steps taken to effect a cure of the injury or disease. The word includes examination and diagnosis as well as application of remedies. " ' Treatment ' by a 'physician or practitioner,' as used in an application for a policy, implies medical or surgical treatment, or something equivalent thereto." (63 C. J. 852.) It is questionable whether an X-ray examination is a treatment as that word is used in the application. (*Murphy* v. *Union Central Life Ins. Co.*, 255 N. Y. 617, 618; *Pacific Mutual Life Ins. Co.* v. *Cunningham*, 54 F. [2d] 927, 932.) The court holds, however, that the plaintiff was under observation in the hospital when he went there for an X-ray examination. (*Anderson* v. *Ætna Life Ins. Co.*, 265 N. Y. 376, 380.)

There was, therefore, a material misrepresentation in that the plaintiff had been under observation in a hospital when he had the X-ray taken.

2. The defendant claims that the plaintiff made material misrepresentations in part II of the application for the first policy by stating that he had never had or been treated for any disease or disturbance of the nose, tonsils, throat or lungs (answer to question 6B), and by stating that he had never had gout, rheumatism, tuberculosis, epilepsy or syphillis (answer to question 7A).

There is no evidence that the plaintiff had ever been treated for any material disease or disturbance of the nose, tonsils or throat or that the plaintiff had ever had gout, rheumatism, epilepsy or syphillis. The evidence shows that he had had a cold which ordinarily is not a material ailment and that an X-ray taken at the time showed a condition of the lungs. There is no evidence that he was ever treated for this last condition so that there was no misrepresentation so far as the question of treatment is concerned. The evidence, however, does not show that he had had a disease or disturbance of the lungs, namely, tuberculosis. This was a material misrepresentation. (*Klapholtz* v. *New York Life Ins. Co.*, 218 App. Div. 695.) The society asked definitely whether the plaintiff had had tuberculosis. It was entitled to receive that information. (*Nowak* v. *Brotherhood of American Yeomen*, 252 N. Y. 465; *Travelers Ins. Co.* v. *Pomerantz*, 246 id. 63.) There is no uncertainty about the question and it was not for the plaintiff to decide as to whether his tuberculosis was serious enough for him to answer in the affirmative. The society had asked the specific question and was entitled to an honest answer.

False statement in an application in regard to any named disease is, as a matter of law, material to the risk and will vitiate the policy. (*Jenkins* v. *John Hancock Mutual Life Ins. Co.*, 257 N. Y. 289, 293; *Anderson* v. *Ætna Life Ins. Co.*, supra; *Fay* v. *Metropolitan Life Ins. Co.*, 119 Misc. 715; *Mischler* v. *New York Life Ins. Co.*, 148 id. 64; *Hoffman* v. *Metropolitan Life Insurance Co.*, 147 App. Div. 893; *Maiorana* v. *New York Life Ins. Co.*, 220 id. 815; *Vecchio* v. *Metropolitan Life Ins. Co.*, 224 id. 301.)

Dr. Mann, one of defendant's assistant medical directors, testified that if there was the slightest suspicion that the X-ray showed an old tubercular fibrous process the society would not have issued either policy. The plaintiff tried on cross-examination to show that under the facts the society should have issued the policies. It is clearly optional with an insurance company whether or not it accepts an application from an insured and issues to him a policy. Whether the company would be justified in refusing to issue a

policy is not a question to be submitted to a jury. (*Denler* v. *Continental Casualty Co.*, 213 App. Div. 30; *Nowak* v. *Brotherhood of American Yeomen, supra.*) The society could ask in its application any questions that it desired and it was entitled to obtain answers to such questions.

The question whether the plaintiff knew that he had had tuberculosis is immaterial. The effect of a misrepresentation was left unchanged by section 58 of the Insurance Law. If material, the misrepresentation constitutes a defense, although made innocently and without any feature of fraud. (*American Surety Co.* v. *Patriotic Assur. Co.*, 242 N. Y. 54, 64; *Keck* v. *Metropolitan Life Ins. Co.*, 238 App. Div. 538; affd., 264 N. Y. 422; *Sparer* v. *Travelers Insurance Co.*, 185 App. Div. 861; *Rakov* v. *Bankers Life Ins. Co.*, 176 id. 918; affd., 225 N. Y. 721; *Kasprzyk* v. *Metropolitan Life Ins. Co.*, 79 Misc. 263.)

It is sufficient that the misrepresentation is material as an inducement for the issue of the policy and was untrue. (*E. D. P. Dye Works* v. *Travelers Ins. Co.*, 234 N. Y. 441, 449, 450; *Minsker* v. *John Hancock Mutual Life Ins. Co.*, 254 id. 333, 339; *Anderson* v. *Ætna Life Ins. Co., supra; Sparer* v. *Travelers Ins. Co., supra; Kasprzyk* v. *Metropolitan Life Ins. Co., supra; Levic* v. *Metropolitan Life Ins. Co.*, 242 App. Div. 595, 596.)

3. The defendant claims that the plaintiff made a material misrepresentation in part II of the application for the first policy by stating that he had never had any other illness or injury not mentioned in said application (answer to question 7F).

A false statement in an application that the applicant had never had any disease or disorder other than those specifically mentioned therein is, as a matter of law, material to the risk and will vitiate the policy. (*Jenkins* v. *John Hancock Mutual Life Ins. Co., supra; Anderson* v. *Ætna Life Ins. Co., supra; Mischler* v. *New York Life Ins. Co., supra.*) However, the answer did not constitute a misrepresentation in the case at bar. The plaintiff had a right to assume that the question related to diseases other than those enumerated.

4. The defendant claims that the plaintiff made a material misrepresentation in part II of the application for the first policy by stating that he had not consulted or been treated by any physician or practitioner within the past five years (answer to question 9).

As shown above, he had been treated twice by a doctor more than four years previous to making the application in addition to receiving an X-ray examination. False statements in applications concerning having received no medical or surgical treatment during the past five years ordinarily are, as a matter of law, material to

the risk and will vitiate the policy. (*Anderson* v. *Ætna Life Ins. Co.*, *supra; Minsker* v. *John Hancock Mutual Life Ins. Co.*, *supra; Nowak* v. *Brotherhood of American Yeomen*, *supra; Travelers Ins. Co.* v. *Pomerantz*, *supra; Rudolph* v. *John Hancock Mutual Life Ins. Co.*, 251 N. Y. 208, 213; *New York Life Ins. Co.* v. *Watkin*, 229 App. Div. 211, 213; affd., 256 N. Y. 618; *Entian* v. *Provident Mutual Life Ins. Co.*, 155 Misc. 227; *Kasprzyk* v. *Metropolitan Life Ins. Co.*, *supra; Saad* v. *New York Life Ins. Co.*, 201 App. Div. 544; affd., 235 N. Y. 550; *Keck* v. *Metropolitan Life Ins. Co.*, *supra*.) The plaintiff waived his privilege. He admits that he consulted a physician and was treated, but claims that the treatment was for a temporary immaterial ailment which was not contemplated by the question. His waiver " opened the door " and permitted a disclosure as to the subject of the treatment. The facts show that the plaintiff consulted a physician twice within the five-year period. In connection with these consultations he was given an X-ray examination which showed that he had an old tubercular fibrous process of the lung. If the consultations and treatments had been merely in connection with a cold they might have been immaterial although this would depend on circumstances. Since there was a finding of tuberculosis the condition was not immaterial. (*Klapholtz* v. *New York Life Ins. Co.*, *supra; Loughran* v. *Prudential Ins. Co.*, 88 Misc. 11). However, the X-ray examination was material as a matter of law. (*Anderson* v. *Ætna Life Ins. Co.*, *supra*.)

After obtaining the first policy and before obtaining the second policy, the plaintiff received medical attention as follows: Dr. Shermer testified that he treated the plaintiff between the dates of January 3, 1931, and February 2, 1931, and saw him a number of times. The plaintiff complained of fever, coughing, high temperature, increased pulse rate and increased respiration. The doctor made a diagnosis of influenza and acute bronchitis. The plaintiff was totally disabled for about four weeks between January 3 and February 1, 1931. At the plaintiff's request the doctor sent an attending physician's statement in support of plaintiff's claim for disability to the Travelers Health Association of Omaha, Neb. The doctor testified further that he treated the plaintiff seven times during the month of January, 1931. Five times were at the plaintiff's home and twice at the doctor's office. During that period the plaintiff was confined to his house from January 4 to January 22, 1931. He discharged the patient on February 1, 1931, in his office as well and cured of this condition.

In its defense relating to the second policy defendant urges misrepresentations similar to those considered in connection with

the first policy but further claims that there was an additional misrepresentation. It also claims that the representations made in the application for the second policy similar to those already considered in connection with the first policy were false and material not only by reason of the facts and circumstances existing prior to the application for the first policy but by reason of the intervening facts and circumstances recited above.

1. The defendant claims that the plaintiff made a material misrepresentation in part II of the application for the second policy by stating that plaintiff had never made claim for sickness, accident, or pension benefits (answer to question 2F).

The plaintiff admitted that he put in a claim for disability benefits with the Travelers Health Association of Omaha, Neb., in January, 1931, and that the association paid him for three weeks and a day.

False statement in an application by an insured concerning a claim for and the receipt of disability benefits from other insurers is material as a matter of law. (*Barenblatt* v. *Massachusetts Accident Co.*, 155 Misc. 594; *Matejunas* v. *Prudential Ins. Co.*, 244 App. Div. 802, 803; *Slatkin* v. *Equitable Life Ins. Soc.*, 198 N. Y. Supp. 230.) The court finds that the plaintiff made a material misrepresentation in denying that he had made claim for sickness benefits.

2. The defendant claims that aside from the basis for the similar claim in connection with the first policy the plaintiff made a material misrepresentation in part II of the application for the second policy by stating that he had never had or been treated for any disease or disturbance of the nose, tonsils, throat or lungs (answer to question 6B).

There is no evidence that the plaintiff subsequent to the issuance of the first policy had ever been treated for any disease or disturbance of the nose or tonsils. He did, however, have bronchitis, which is a disease of the throat. Even though he had had a tubercular condition he was never treated for any disease or disturbance of the lungs. However, he had had a disease or disturbance of the lungs. The denial that he had ever received any treatment for a disease of the throat constituted a material misrepresentation for he had had treatment for a disease or disturbance of the throat, namely, bronchitis, from which he had suffered for about four weeks. A four weeks' total disability undergone a short time before the plaintiff applied for the second policy was not an immaterial ailment. (See cases previously cited.)

3. The defendant claims that aside from the basis for the similar claim in connection with the first policy the plaintiff made a material misrepresentation in part II of the application for the second policy by stating that he had not consulted or been treated by any

physician or practitioner within the past five years (answer to question 9).

As shown above, it appears that the plaintiff had consulted and had been treated by a doctor seven times during the month of January, 1931, only a few months before he signed the application for the second policy. This was a material misrepresentation. (See cases previously cited, particularly *Nowak* v. *Brotherhood of American Yeomen, supra; Jenkins* v. *John Hancock Mutual Life Ins. Co., supra.* See, also, *Grubiak* v. *John Hancock Mutual Life Ins. Co.*, 212 App. Div. 126; *Gretsinger* v. *Metropolitan Life Ins. Co.*, 206 id. 766; *Tunnard* v. *Supreme Council*, 201 id. 746.)

This action must be decided in favor of defendant, and accordingly a verdict is directed in its favor dismissing the complaint. Ten days' stay.