ALFRED COELHO, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

Fourth Department, June 28, 1939.

*Arthur J. Foley [John F. Ruane* with him on the brief], for the appellant.

*William D. Ribyat, Jr.,* for the respondent.

SEARS, P. J. The question involved in this case is whether there was a material misrepresentation in the application for a policy of life insurance which voids the policy. The application was attached to the policy. One of the questions answered by the insured was " Have you been attended by a physician during the past three years? Give dates, complaints, doctors' names and addresses." The answer was " Yes, pneumonia. Ward service in City Hosp." In the blank asking for details in respect to the question the same answer was given, except that the duration of the disease was stated as " two months " and the recovery was declared to be " good." In answer to a question as to whether the answers referred to " constitute a complete statement of all your illnesses, surgical operations and sojourns in hospitals, sanitaria and other institutions," the answer was " yes." It appears in the evidence, however, that when the insured left the General Hospital she was sent by that hospital to the Utica Dispensary with a diagnosis of some disease, the nature of which is not disclosed in the record. The dispensary is a State institution, not connected with the General Hospital but engaged in the diagnosis and treatment of disease. It carries on an out-patient service only, having no accommodation for the lodging of patients. There she received treatments, thirty-two in number, beginning December 21, 1931, three days after her discharge from the General Hospital and continuing until November 28, 1932. She was seen again at the dispensary on February 6, 1933, and on March 2, 1934, when she was discharged. It appears from the testimony of the physician in charge of the clinic at the dispensary which attended to her treatments that the General Hospital told him, or sent word why they were sending the insured to the dispensary. A short statement is included in the testimony of the physician as to what was done at the dispensary and his conclusions are as follows: " She was sent to us from the General Hospital with a diagnosis which we did not believe existed, but we treated her for diagnosis as a therapeutic

measure to find out if she had the disease for which they had sent her to us, and after treating her and carrying out the general routine we found that the woman was not suffering from the disease for which she had been sent to us." The questions included in her application called for a full statement of the attendance of physicians upon her, and the omission of her treatment at the dispensary was a misrepresentation (*Jenkins* v. *John Hancock Mut. Life Ins. Co.*, 257 N. Y. 289) and the misrepresentation was material. " An insurer may wish to know how recently a physician has made a professional call upon an applicant for insurance, regardless of the topic discussed during the consultation between them. If the call has been recent, the insurer, upon that ground alone, may wish to reject the insurance application. If an insurer desires such knowledge it is entitled to it." (*Nowak* v. *Brotherhood of American Yeomen*, 252 N. Y. 465; *Minsker* v. *John Hancock Mut. Life Ins. Co.*, 254 id. 333; *Jenkins* v. *John Hancock Mut. Life Ins. Co.*, *supra; Travelers Ins. Co.* v. *Pomerantz*, 246 N. Y. 63; *Geer* v. *Union Mut. Life Ins. Co.*, 273 id. 261.) This was not a case where the insured was attended or sought attention for some trivial ailment. Here were curative treatments applied over a period of more than eleven months followed by two check-ups, the last of which occurred after the application was made, and it was only then that she was finally discharged by the clinic. The application question cannot be reasonably construed not to require disclosure of this long series of treatments at a public dispensary.

We reach the conclusion, therefore, that the policy was vitiated by material misrepresentations.

The judgment and order should be reversed on the law and judgment ordered for the defendant dismissing the plaintiff's complaint, with costs.

All concur, except DOWLING, J., who dissents and votes for reversal on the law and for a new trial on the ground that there was a question of fact as to whether there was a material misrepresentation by the insured. Present — SEARS, P. J., CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.