SAMUEL, Judge.
Defendants have appealed an “interlocutory judgment” in a workmen’s compensation suit ordering them to pay the expenses for orthopedic surgery to be performed on plaintiff and pretermitting a determination of defendants’ liability until surgery is performed.
During a trial on the merits, Dr. Walter Brent, an orthopedist, testified plaintiff’s disabling condition could possibly be corrected by fusion of certain vertebrae in the back. In rendering judgment the lower court ruled:
“IT IS ORDERED, ADJUDGED AND DECREED that plaintiff’s present disability relates to his employment with defendant Hooker Chemical Corporation and that defendants are therefore ordered to defray all appropriate and necessary costs of the recommended corrective surgery in behalf of plaintiff pending the final adjudication of plaintiff’s claim herein.”
Defendants then filed a motion for a new trial. In denying the motion, the trial judge stated in a Per Curiam that LSA-R.S. 23 :- 1203 vested in him the discretion to render such an interlocutory judgment. He further stated: “While perhaps it would have been better to have labeled it Order instead, it was not intended as a definitive judgment as to whether or not plaintiff was entitled to recover the maximum benefits under the workmen’s compensation law.”
The statute in question provides:
“The employer shall in every case coming under this Chapter, furnish all necessary medical, surgical, hospital services *481 and medicines or any nonmedical treatment recognized by the laws of this state as legal, not to exceed the total sum of twelve thousand five hundred dollars, except in cases of undue and unusual hardship as hereinafter provided, unless the employee refuses to allow them to he furnished by the employer.
The employer shall likewise furnish to the employee the necessary cost of repair to, or the replacement of, any prosthetic device damaged or destroyed by accident in the course and scope and arising out of such employment including, but not limited to, damage or destruction of eye glasses, artificial limbs, hearing aids, dentures, or any such prosthetic device whatsoever.
Upon a showing by the injured employee in a court of competent jurisdiction by a preponderance of the evidence that as a result of the injury he necessarily requires medical, surgical or hospital services or medicine to a sum in excess of twelve thousand five hundred dollars and that unless same are furnished by the employer he will be subjected to undue and unusual hardship, the court in its discretion may order the employer to furnish same, not to exceed the additional sum of twelve thousand five hundred dollars.” LSA-R.S. 23:1203.
After the motion for a new trial was denied, defendants applied to this court for alternative writs in which they asked us to invoke our supervisory jurisdiction to either (1) annul the interlocutory judgment of the trial court and review the case on the merits; or (2) to order the trial court to render judgment on the merits for the defendant. We declined. At this point we could not grant the relief specifically prayed for because we could neither review the case on the merits nor could we summarily order the lower court to render a final judgment in defendants’ favor. Defendants then appealed suspensively.
Within days of filing the appeal defendants applied to the Supreme Court for supervisory writs which were also refused. We are not aware of the relief prayed for therein because a copy of that writ application is not in the record.
Now this matter has come before us on appeal. In reviewing the record, we conclude we are powerless to pass on the merits of the case. The interlocutory order or judgment is not a final judgment; therefore, no appeal can be taken therefrom. LSA-C.C.P. Art. 2083. In our view, however, the trial judge was not vested with the discretionary authority to order defendants to pay for orthopedic surgery under the provisions of LSA-R.S. 23:1203. The trial court must clearly fix liability as a prerequisite to entering such an order.
In this connection our review of the evidence has created a grave doubt as to whether the disabling condition plaintiff complains of was caused by a job-connected accident. We base this on a serious conflict in the evidence as to whether the alleged accident occurred on May 1, 1969 when he was working or in July 1969 when he was not on the job. The conflict is apparent from the testimony given by witnesses called on plaintiff’s behalf. Be that as it may, we cannot dispose of the merits because our jurisdiction is based on review of a final judgment of the lower court and in the instant case there is no such judgment to review. Although LSA-C.C.P. Art. 2164 vests in us a broad discretion to render whatever judgment is appropriate, we cannot extend its provisions to mean that we can act as a court of original jurisdiction where there is no final judgment from which an appeal has been taken.
For these reasons, the judgment appealed from is set aside and this matter is remanded to the lower court for the purpose of permitting the trial court to render a final judgment and any proper orders consistent therewith. Assessment of costs for this appeal is to await final determination on the merits.
Judgment set aside; remanded.