368 So.2d 1156 (1979)
Scriven W. GOURDON, Plaintiff-Appellee,
v.
ROCKWOOD INSURANCE COMPANY et al., Defendants-Appellants.
No. 6867.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
*1157 Antoon, Dalrymple & Beck, Joseph T. Dalrymple, Alexandria, for defendants-appellants.
Watson, Murchison, Crews & Arthur, William P. Crews, Jr., Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
GUIDRY, Judge.
This is a workmen's compensation suit. The trial court found plaintiff to be totally and permanently disabled and awarded him judgment against defendants, the State of Louisiana, through the Department of Highways, and its insurer, Rockwood Insurance Company, for weekly benefits of $85.00 during the period of his disability, all unpaid medical and travel expenses, penalties and $2500.00 attorney's fees. Defendants have appealed questioning correctness of the judgment only insofar as it allows recovery to plaintiff of expenses incident to treatment received and to be received from Doctors of Chiropractic and travel expenses attendant thereto. Plaintiff has answered the appeal and seeks an increase in the amount of attorney's fees awarded.
The record reflects that plaintiff suffered a ruptured disc, probably at the L-5/S-1 level, as a result of an accident which occurred on June 14, 1976. He refused to undergo myelographic study and has likewise refused to submit to corrective surgery. Beginning approximately one year prior to trial plaintiff sought and received chiropractic treatments from licensed Doctors of Chiropractic for relief from pain. He continues to receive periodic treatments as the relief afforded is temporary and will admittedly not resolve his problem.
At trial Dr. George T. Shaw, Doctor of Chiropractic, testified that the treatment afforded plaintiff was manipulation or adjustment of the vertebra by use of an "activator gun" in the area near L-5 and that when adjusted plaintiff experienced a relaxation of the musculature and some relief from pain. Dr. Shaw further testified that the relief was only temporary and therefore there was a necessity for periodic treatment. With reference to the chiropractic treatments received by him plaintiff testified as follows:

"Well he was adjusting my back and getting it straight and I say the man done me good. He really done me good. But as far as getting me well, he didn't get me well. Nobody else can do that; there's nobody else . . ."
Appellants contend they should not be condemned to reimburse plaintiff for the expenses incurred for these chiropractic treatments because the medical evidence in the record reflects such treatment to be unnecessary, being of no benefit and possibly injurious.
*1158 The applicable law, LSA-R.S. 23:1203 states in pertinent part:

"In every case coming under this Chapter, the employer shall furnish all necessary medical, surgical and hospital services, and medicines, or any non-medical treatment recognized by the laws of this state as legal." (Emphasis ours)

The State of Louisiana has recognized and authorized the practice of chiropractic by persons duly licensed and registered pursuant to LSA-R.S. 37:2801 et seq. It is not disputed that the expenses for which plaintiff seeks reimbursement were incurred for treatments received from duly licensed chiropractors. This being so the only further inquiry concerns whether the treatments were necessary.
At the outset we observe that under the cited statute the injured employee is entitled not only to all necessary medical and non-medical treatment which will serve to cure his disability but he is as well entitled to all such treatment as is necessary to relieve the pain which he suffers as a result of his disability. Although, it is true that the medical doctors who testified are in general agreement that there is no rationale for the chiropractic treatments received and that plaintiff should not derive any benefit therefrom, Dr. Shaw testified that his chiropractic adjustments, although ineffective as a cure for plaintiff's condition, did afford relief from pain. Plaintiff testified that he derived considerable benefit from the treatments by way of relief from pain.
Our learned trial brother did not render written reasons for judgment however, we assume that he concluded on the basis of the evidence presented that the treatments received by plaintiff were both beneficial and necessary. We discern no manifest error in this conclusion. Further, we observe that in the recent case of Druilhet v. Trinity Universal Insurance Company et al., 361 So.2d 40, this court recognized that in actions ex delicto denial of incurred expenses for chiropractic treatment, when the accident relationship is unquestioned, solely on the basis of medical evidence that such treatment is of no benefit and contraindicated, represents a failure to comply with the legislative intendment of LSA-R.S. 37:2801 et seq. We know of no valid reason why this rationale should not apply with equal force in an action for workmen's compensation.
Plaintiff-appellee has answered the appeal requesting an increase in the attorney's fees awarded. We believe that plaintiff is entitled to an increase in attorney's fees so as to compensate him for the services rendered by his counsel on appeal and consider the sum of $500.00 to be adequate in this regard.
For the above and foregoing reasons we amend the trial court judgment so as to increase the attorney's fees awarded from the sum of $2500.00 to the sum of $3000.00. In all other respects the judgment appealed from is affirmed at the cost of appellants.
AMENDED AND AFFIRMED.