402 So.2d 226 (1981)
Clifton E. KINSEY
v.
TRAVELERS INSURANCE COMPANY, INC.
No. 14591.
Court of Appeal of Louisiana, First Circuit.
June 29, 1981.
*227 D. Douglas Howard, Jr., T.A., New Orleans, for Clifton E. Kinsey.
France W. Watts, III, Franklinton, for Travelers Insurance Co.
Before COVINGTON, CHIASSON and LEAR, JJ.
CHIASSON, Judge.
A writ of certiorari was issued herein to review the correctness of the trial court's judgment denying plaintiff Clifton E. Kinsey's rule to show cause why defendant workmen's compensation insurer, Travelers Insurance Company, Inc., should not provide a letter of financial responsibility to plaintiff's doctor.
Plaintiff was injured on November 21, 1978, and received compensation payments to July 1, 1980. Suit for total and permanent disability was filed on October 23, 1980. Thereafter, according to plaintiff's brief, compensation payments were resumed by the defendant insurer. The controversy arose because defendant did not want to pay plaintiff's choice of doctor for treatment. Plaintiff filed a rule for defendant to be responsible for medical expenses to be incurred with the doctor of his choice. Defendant in brief states it is willing to pay for treatment by any one of eight other named doctors.
At the hearing on the rule to show cause the minutes of the trial court reflect the following stipulation:
"Workmen's compensation patient is in pain and should see Dr. Llewellyn and condition is that Travelers Insurance will not give him a blank check for all medical, but will back up bills for Dr. Llewellyn's examination."
The trial court's discussion stated that the insurer need not provide a letter of financial responsibility prior to a determination of disability on the merits citing Hartsell v. Hooker Chemical Corporation, 266 So.2d 480 (La.App. 4th Cir. 1972).
Louisiana Revised Statute Title 23, Section 1203, provides in pertinent part:
"In every case coming under this Chapter, the employer shall furnish all necessary medical, surgical and hospital services, and medicines, or any nonmedical treatment recognized by the laws of this state as legal."
Under this statute the injured employee is entitled not only to all necessary medical and nonmedical treatment which will serve to cure his disability, but he is also entitled to all such treatment as is necessary to relieve the pain which he suffers as a result of his disability. Gourdon v. Rockwood Ins. Co., 368 So.2d 1156 (La.App. 3rd Cir. 1979).
As per the stipulation, plaintiff still suffers pain from his injury and defendant is not contesting the necessity for further medical treatment. The question then is, who has the right to choose the treating physicianthe employer or the employee? The workmen's compensation act is silent on this question. As stated above, the defendant stipulated that the plaintiff is in pain and it is willing to be financially responsible *228 for any one of eight other physicians but not for the physician plaintiff has selected to treat him. As defendant puts it, "He is a plaintiff's doctor."
The only case on this issue was pointed out in Malone and Johnson's treatise of Worker's Compensation. 13 Civ.L.Tre. § 287, p. 672. In Boss v. Marquette Casualty Company, 150 So.2d 67 (La.App. 3rd Cir. 1963) cert. denied 244 La. 220, 151 So.2d 692, the court did not directly decide this issue but did allow recovery for expenses incurred for treatment by a doctor the employer had instructed claimant not to see. The court stated:
"There is no contention made here that the employer has a primary right to choose the physician who will treat the employee for his injuries. The sole contention of defendant, as regards medical services, is that the employer is not liable for services rendered the employee by a certain named physician, when the employer has informed the employee, in advance of treatment furnished by this physician, that the employee can go to any doctor he chooses, except the named physician.
"The present record shows that the employee went to three other physicians without obtaining relief before he reported to Dr. DeBlanc, who is also his own family physician, and that he thereafter obtained satisfaction under Dr. DeBlanc's treatment. There is no contention that the fees of Dr. DeBlanc were unreasonable or the treatment unnecessary."
In their treatise, Malone and Johnson adopt the view that the employee should have the right to choose the physician of his choice for treatment and justify their view in the following manner:
"In view of the fact that the success of treatment may depend upon the patient's confidence in the physician chosen, it is suggested that the primary right of choice should rest with the patient, unless his choice is shown to be unreasonable, or solely for the purpose of tactical advantage at trial. The right of primary choice may be an important one in view of the fact that on trial the opinion of the treating physician is frequently preferred over that of other experts."
Malone and Johnson, supra, p. 672.
In view of the above case and statement, we hold the rule to be that the injured employee is entitled to choose the physician for treatment of his disabling injury. The trust and confidence needed in a patient-doctor relationship is important to successful treatment which can be best obtained if the injured employee has the choice of physician for treatment purposes.
In this instance, the plaintiff is entitled to seek treatment for the pain he is experiencing in his right arm and wrist from Dr. Llewellyn. In addition, defendant should furnish a letter of financial responsibility to Dr. Llewellyn, since this is an essential requirement for furnishing all necessary medical services. Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La. 1981).
For these reasons, a writ of mandamus is issued herein ordering the trial court to recall and vacate its previous judgment and to order the defendant, Travelers Insurance Company, to issue a letter of financial responsibility to Dr. Llewellyn for treatment of plaintiff. Costs of this writ are to be borne by the defendant.
WRIT OF MANDAMUS ISSUED.