428 So.2d 1275 (1983)
Charles M. KOSLOW, Plaintiff-Appellant,
v.
E.R. DESORMEAUX, INC., United States Fidelity & Guaranty Company, Defendants-Appellees.
No. 82-579.
Court of Appeal of Louisiana, Third Circuit.
March 9, 1983.
Kenneth G. Miller, Lafayette, for plaintiff-appellant.
McBride & Foret, Robert R. McBride, Lafayette, for defendants-appellees.
Before STOKER, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
The issue presented for our review is whether an employer's duty to provide treatment to injured workers pursuant to LSA-R.S. 23:1203 includes vocational rehabilitation. From an adverse ruling on defendant's peremptory exception of no cause of action, plaintiff appeals. We affirm.
Charles M. Koslow, plaintiff-appellant, received injuries (a herniated disc) during the course and scope of his employment as a construction worker with E.R. Desormeaux, Inc., defendant-appellee. Accordingly, defendant has been paying weekly workmen's compensation benefits and medical expenses. Subsequently, plaintiff became desirous of training for another vocation inasmuch as he was incapable of performing the employment functions he had with defendant. Therefore, he inquired about enrollment with the Gemological Institute of America. Demand was made on the employer for the cost of the program. The employer refused. Suit followed wherein plaintiff sought to recover rehabilitation expenses as necessary non-medical treatment. Defendant employer and its insurer responded to plaintiff's petition with an Exception of No Cause of Action, which was sustained. Plaintiff appeals.
The sole issue presented on appeal is whether an employer is obligated by LSA-R.S. 23:1203 to provide vocational rehabilitation to a disabled employee.
LSA-R.S. 23:1203 provides:
§ 1203. Duty to furnish medical expenses; prosthetic devices; other expenses
In every case coming under this Chapter, the employer shall furnish all necessary medical, surgical and hospital services, and medicines, or any non-medical treatment recognized by the laws of this state as legal.

The employer likewise shall furnish to the employee the necessary cost of repair *1276 to or the replacement of any prosthetic device damaged or destroyed by accident in the course and scope and arising out of such employment, including but not limited to damage or destruction of eyeglasses, artificial limbs, hearing aids, dentures, or any such prosthetic devices whatsoever.
In addition, the employer shall be liable for the actual expenses reasonably and necessarily incurred by the employee for mileage reasonably and necessarily traveled by the employee in order to obtain the services, medicines, and prosthetic devices which the employer is required to furnish under this Section.
Amended by Acts 1968, No. 103, § 1; Acts 1975, No. 583, § 6, eff. Sept. 1,1975; Acts 1976, No. 400, § 1; Acts 1977, No. 530, § 1. (emphasis added to pertinent provisions)
Appellant contends that vocational rehabilitation falls within the scope of "non-medical treatment recognized by the laws of this state as legal" insofar as such training would lessen his employment disadvantage occasioned by disability. In support of his proposition, plaintiff cites Gourdon v. Rockwood Ins. Co., 368 So.2d 1156 (La.App. 3rd Cir.1979); and Kinsey v. Travelers Ins. Co., Inc., 402 So.2d 226 (La.App. 1st Cir. 1981).
In Gourdon this court recognized that Chiropractic treatment constituted "non-medical treatment recognized by the laws of this state as legal" and held that an injured worker could recover expenses relative thereto where treatment afforded relief from pain but offered no curative benefits. Our decision was posited in part on the express legislative recognition and authorization of chiropractic care. See: LSA-R.S. 37:2801; and LSA-R.S. 40:1299.65 entitled "Public Health and Safety: Right to Chiropractic Care; Chiropractic Care; freedom of choice." The treatments involved therein afforded plaintiff temporary relief from physical pain occasioned by a ruptured disc.
The major issue presented in Kinsey was "who has the right to choose the treating physicianthe employer or employee?" Citing R.S. 23:1203 and Gourdon v. Rockwood Ins. Co., supra, the First Circuit held that it was the right of the injured worker to select the physician to treat his pain and the obligation of the employer to pay for such necessary medical services.
From the aforementioned cases it is clear the law imposes a duty upon the employer to pay for necessary treatment designed to care for physical disabilities or alleviate pain resulting therefrom. On occasion, courts have had the opportunity to define the limits of "treatment"e.g.the obligation of providing treatment does not extend to the cost of examinations by doctors obtained in preparation for trial, where no therapy is involved, Caldwell v. Exxon Corp., 320 So.2d 319 (La.App. 4th Cir.1975); Ducote v. Roy O. Martin Industries, Inc., 338 So.2d 1221 (La.App. 3rd Cir.1976). This does not mean that under no circumstances will diagnoses alone not constitute "treatment". In Lucito v. Louisiana Hospital Service, Inc., 392 So.2d 700 (La.App. 3rd Cir.1980), an action by an insured to recover medical benefits pursuant to a group hospitalization policy which did not define "treatment" or "diagnostic studies", this court resolved the ambiguity in favor of coverage and made the following observation:
"In Baque v. Pan-American Life Insurance Company, 313 So.2d 293 (La.App. 3rd Cir.1975), writ refused 318 So.2d 52 (La.1975), this Court had occasion to define the word `treatment':
"Although the Louisiana jurisprudence reveals no case defining `treatment', we find applicable the following definition of that term by the courts of sister states: `In common parlance and often in the law, `treatment' is the broad term covering all the steps taken to effect a cure of the injury or disease. It includes examination and diagnosis, as well as application of remedies', Hester v. Ford, 221 Ala. 592, 130 So. 203, 206 (1930). See also Stephens v. Williams, 226 Ala. 534, 147 So. 608 (1933); Kirschner v. Equitable Life Insurance *1277 Society, 157 Misc. 635, 284 N.Y.S. 506, 510 (1935); Permanent Edition, Words and Phrases, Volume 42A, Treatment, p. 45. We believe that the foregoing definition of the word `treatment' accords with logic and common sense."
Under this rather broad definition of the word `treatment' which this court has utilized, diagnostic tests may be properly regarded as part of the treatment."
392 So.2d 700, at 702. See also: Succession of Cormier, 80 So.2d 571 (La.App. 1st Cir. 1955) per Tate, J. Recall that the statute herein involves all necessary medical services "and medicines or any non-medical treatment recognized by the laws of this state as legal." Our research has revealed no jurisprudence defining "non-medical treatment." However, a definition of medicine is found in LSA-R.S. 37:1262, which provides in pertinent part:
(1) "The practice of medicine, surgery, or midwifery" means the holding out of one's self to the public as being engaged in the business of, or the actual engagement in, the diagnosing, treating, curing, or relieving of any bodily or mental disease, condition, infirmity, deformity, defect, ailment, or injury in any human being, other than himself, whether by the use of any drug, instrument or force, whether physical or psychic, or of what other nature, or any other agency or means; or the examining, either gratuitously or for compensation, of any person or material from any person for such purpose whether such drug, instrument, force, or other agency or means is applied to or used by the patient or by another person; or the attending of a woman in childbirth without the aid of a licensed physician, surgeon, or midwife.
The legislation upon which the aforementioned statute is based was the foundation for prosecution of the defendant-chiropractor for unlawful practice of medicine in Louisiana State Board of Medical Examiners v. Booth, 76 So.2d 15 (La.App. 1st Cir. 1954). Subsequent to the rendition of that case legislation was enacted which allowed for the practice of chiropractic to fall within the term medicine. See LSA-R.S. 37:2801 and R.S. 40:1299.65.
Black's Law Dictionary defines medicine as follows:
MEDICINE. The science and art dealing with the prevention, cure and alleviation of diseases; in a narrower sense that part of the science and art of restoring and preserving health which is the province of the physician as distinguished from the surgeon and obstetrician. Burke v. Kansas State Osteopathic Ass'n, C.C.A.Kan., 111 F.2d 250, 253. The term is not limited to substances supposed to possess curative or remedial properties. People v. Kabana, 321 Ill.App. 158, 52 N.E.2d 320.
Our reading of the statute leads us to conclude that non-medical treatment is available as an alternative to medicine and that, under the circumstances, vocational rehabilitation does not constitute non-medical treatment designed to treat, cure, relieve or restore physical health of the appellant. It is a step taken to educate a person thereby increasing his job marketability rather than a treatment taken to cure an injury or disease. Interpreting the statute as a whole, with reference being made to related statutes, we find that the legislative intent in extending the employer's duty beyond medical and pharmaceutical expenses, so as to include "non-medical treatment", was to provide the injured worker with therapeutic expenses such as chiropractic services rather than vocational rehabilitation. LSA-C.C. Arts. 16-18. Had the legislature intended the employer to be responsible for vocational rehabilitation we believe they would have stated so clearly. In fact, the legislature, in its recent overhaul of the state's workmen's compensation laws, has expressly provided for vocational rehabilitation of injured workers, Acts 1983, First Extraordinary Session, Senate Bill No. 14 enacting R.S. 23:1226, while amending and re-enacting R.S. 23:1203, relative to the duty to furnish medical services and non-medical treatment, retaining much of the language in the source statute which plaintiff relies upon. Acts 1983, supra.
Accordingly, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.