502 So.2d 187 (1987)
Nellie SIMMONS, Plaintiff-Appellant,
v.
STATE of Louisiana, Through the LOUISIANA HEALTH AND HUMAN RESOURCES ADMINISTRATION, Defendant-Appellee.
No. 86-159.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
Writ Denied April 3, 1987.
*188 Broussard, Bolton and Halcomb, Roy S. Halcomb, Jr., Alexandria, for plaintiff-appellant.
Bolen and Erwin, Gregory S. Erwin, Alexandria, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
DOMENGEAUX, Judge.
This is a worker's compensation suit. Plaintiff seeks recovery of the cost of a medically supervised weight reduction program and the cost of treatment for weakness in her left leg and foot. Plaintiff also seeks recovery of the cost of medical reports submitted in this case and penalties and attorney's fees.
On June 3, 1982, plaintiff Nellie Simmons injured her back in the course and scope of her employment with defendant, State of Louisiana, through the Louisiana Health and Human Resources Administration. Mrs. Simmons, who at the time of the injury was a medical secretary at the Central Louisiana State Hospital, injured her back when she turned in her chair. Mrs. Simmons' injury was diagnosed as a ruptured disc, for which she underwent surgery on June 23, 1982. After this surgery, Mrs. Simmons continued to experience back pain as a result of the injury. On August 15, 1983, Mrs. Simmons saw Dr. Bruce Craig to begin a weight reduction program. Mrs. Simmons continued on this program, which included periodic visits with Doctor Craig, through October 1985. On December 3, 1984, Mrs. Simmons fell and fractured her coccyx, which is commonly referred to as the tailbone. Mrs. Simmons went to the Rapides General Hospital Emergency Room for treatment of her coccyx. After this she went to Doctor Bergman for treatment of weakness in her foot, which she felt was the cause of her fall.
*189 Mrs. Simmons sought recovery of the cost of her weight reduction program and the cost of Doctor Bergman's treatment from the Office of Risk Management, the State's worker's compensation administrator. The State refused payment of these costs, arguing that they were not related to Mrs. Simmons' work-related injuries.
Mrs. Simmons then brought this suit seeking recovery of the cost of the weight reduction program and Doctor Bergman's treatments. She additionally seeks the cost of medical reports and penalties and attorney's fees for nonpayment of these costs. After a trial on the merits, the trial court rendered judgment in favor of the defendant, rejecting all of plaintiff's demands.
The plaintiff cites as error the trial court's finding that she failed to prove that her weight reduction program and treatments for weakness in her leg and foot were necessary for the treatment of her on-the-job injury. Plaintiff also cites as error the trial court's failure to assess penalties and attorney's fees and the cost of medical reports against defendant.
La.R.S. 23:1203 provides in pertinent part:
"In every case coming under this Chapter, the employer shall furnish all necessary medical, surgical, and hospital services, and medicines, or any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services. All such services and treatment shall be performed at facilities within the state when available."
In Gourdon v. Rockwood Insurance Company, 368 So.2d 1156, 1158 (La.App. 3rd Cir.1979), this Court construed La.R.S. 23:1203(A), stating:
"At the outset we observe that under the cited statute the injured employee is entitled not only to all necessary medical and non-medical treatment which will serve to cure his disability but he is as well entitled to all such treatment as is necessary to relieve the pain which he suffers as a result of his disability."
In this case, Mrs. Simmons argues that her weight reduction program was medically necessary under the statute because a reduction in her weight would help relieve the back pain she experiences as a result of her on-the-job injury.
The trial court received evidence on this issue through the deposition testimony of Doctor Patton, Doctor Craig, and Doctor Perdue. On the basis of this evidence, the trial court concluded that Mrs. Simmons' weight reduction program was not a necessary part of the treatment of her work-related back injury.
We first note that in reviewing factual findings based on testimony adduced in open court we must follow the clearly wrong, or manifest error, standard of Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978), while when reviewing factual findings based on deposition, we must only determine the sufficiency and preponderance of the evidence. Brousseau v. Tucker, 479 So.2d 446 (La.App. 1st Cir.1985); Dickerson v. Zurich-American Insurance Company, 479 So.2d 571 (La.App. 1st Cir. 1985); Gould v. State, Louisiana Department of Corrections, 435 So.2d 540 (La. App. 1st Cir.1983), writ denied, 438 So.2d 1107 (La.1983).
After a review of the depositions taken of Doctors Patton, Craig, and Perdue, we conclude that there is a preponderance of evidence supporting a finding that Mrs. Simmons' weight reduction program was necessary for the treatment of her on-the-job back injury. Doctor Patton, a neurosurgeon who treated Mrs. Simmons for her back injury, testified that although he did not recommend any specific weight reduction program, he encouraged Mrs. Simmons to lose weight for a number of reasons, including the reason that losing weight would relieve the pain in her back. Doctor Patton testified that he was aware that Mrs. Simmons was participating in a medically supervised weight reduction program and that he encouraged her in this.
*190 Doctor Patton also testified that it was his opinion that weight reduction by a patient with back pain relieved the pain because weight loss takes strain off of the back.
Doctor Craig, a general practitioner who supervised Mrs. Simmons' weight reduction program, testified that Mrs. Simmons sought his help in losing weight to help relieve her back pain. Doctor Craig testified that he believed weight loss would benefit Mrs. Simmons by relieving the pressure on her back and thus reducing her back pain.
Doctor Perdue, an orthopedic surgeon who examined Mrs. Simmons at the defendant's request, testified that he believed that weight reduction may be helpful in treating back pain, but that it is a minor factor. Doctor Perdue nonetheless testified that weight reduction is one of the accepted means of helping treat a patient's back pain.
Given this evidence, we conclude that Mrs. Simmons' weight reduction program was an effort to help relieve the pain in her back caused by her on-the-job injury, and as such, is compensable as a necessary medical expense for the treatment of her on-the-job injury.
Defendant argues that Mrs. Simmons' weight reduction did not in fact relieve the pain in her back and therefore the costs of the program were not compensable. We disagree. The evidence indicates that both Doctor Patton and Doctor Craig believed that the pain in Mrs. Simmons' back would be reduced if she lost weight. The ultimate success of the treatment strategy did not change the character of the program as being medically necessary. See Mallet v. Louisiana Nursing Homes, Inc., 459 So.2d 178, 183 (La.App. 3rd Cir. 1984), writ denied, 463 So.2d 604 and 605 (La.1985).
Defendant also argues that, in the event it is held liable for the cost of the weight reduction program, it should not be responsible for the entire cost, alleging that Mrs. Simmons failed to follow Doctor Craig's recommendations. The evidence shows that after reaching a maximum weight loss of 33 pounds on March 20, 1984, Mrs. Simmons regained 10 pounds by the time of her visit in June 1985. Doctor Craig testified that on that visit Mrs. Simmons admitted she had not been treating herself well. Where an employee's recovery is retarded and her disability is prolonged because of her failure to cooperate with her physician, such employee cannot recover her compensation beyond the period that would have been necessary for her recovery had she properly cooperated. Reeves v. Union Sulphur Co., 193 So. 399, 402 (La.App. 1st Cir.1940). In this case, Mrs. Simmons' failure to properly take care of herself after reaching a maximum weight loss of 33 pounds on March 20, 1984 prolonged her program with Doctor Craig. She, therefore, should not recover for treatment after March 20, 1984.
The evidence shows that Mrs. Simmons made six visits to Doctor Craig from August 15, 1983, to March 20, 1984, at a cost of $50.00 per visit. She is, therefore, entitled to recover $300.00 for the cost of these visits.
Mrs. Simmons also argues that the trial court erred in failing to find that the cost of treatment for weakness in her left leg and foot were compensable. Mrs. Simmons argues that the damage to her back as a result of her work-related accident caused the weakness in her left leg and foot.
Doctor Bergman, a podiatrist who treated Mrs. Simmons for weakness in her left leg and foot, testified by deposition that he believed the weakness in Mrs. Simmons' foot and leg was caused by the on-the-job injury she received on June 3, 1982.
Doctor Patton, on the other hand, testified that, based on E.M.G. studies and his examination of her, he did not believe any weakness in Mrs. Simmons' foot and leg was caused by her on-the-job back injury.
Given that Doctor Patton was the treating physician for Mrs. Simmons' on-the-job back injury and the physician who performed surgery on Mrs. Simmons' back we *191 are convinced that Doctor Patton has the more accurate understanding of Mrs. Simmons' back injury and the problems related to it. We, therefore, conclude that the preponderance of the evidence supports the trial court's finding that any weakness in Mrs. Simmons' left leg and foot was not caused by her on-the-job injury. Therefore, treatment for that condition is not compensable under the worker's compensation statute.
Mrs. Simmons also argues that defendant is liable for penalties and reasonable attorney's fees for its failure to pay Doctor Craig's and Doctor Bergman's bills, and for its untimely payment of other medical expenses. Under La.R.S. 23:1201.2, as it existed prior to the 1983 amendments, an employer may be compelled to pay a penalty of 12% of the total amount of the claim, together with all reasonable attorney's fees incurred by the claimant, if the failure to pay the claim arising under the worker's compensation statutes is found to be arbitrary, capricious, or without probable cause.
In this case we have concluded that Mrs. Simmons is not entitled to recover for the cost of Doctor Bergman's treatment. Therefore, she is not entitled to penalties or attorney's fees for defendant's failure to pay that expense.
On the other hand, we have found that Mrs. Simmons is entitled to recover for the cost of Doctor Craig's treatment. Since the trial court concluded that Mrs. Simmons was not entitled to recover this expense, it did not reach the question of whether defendant's failure to pay the bill was arbitrary, capricious or without probable cause. After an examination of the record, we conclude that the defendant's failure to pay this bill was not arbitrary, capricious or without probable cause. Although Mrs. Simmons stated in a letter received by defendant that she was undergoing these treatments and that she thought they were compensable, the evidence does not show that the defendant ever received a bill for the cost of these treatments. Defendant's failure to pay these costs upon Mrs. Simmons' mere suggestion that Doctor Craig's weight reduction treatments were compensable is not arbitrary, capricious or without probable cause.
Mrs. Simmons' claim for penalties and attorney's fees is also made with respect to the alleged untimely payment of a bill from Rapides General Hospital and one from Carnahan, Chadwick & Jordan, Radiologists. These bills were for treatment Mrs. Simmons received after she fell and fractured her coccyx on December 3, 1983. The evidence shows that Mrs. Simmons wrote a letter which was received by defendant in January 1984, requesting payment of these bills. Defendant refused payment then, on the ground that the treatment was not related to her on-the-job injury. Defendant, however, did subsequently pay these bills. A review of the evidence does not, however, show that defendant's failure to pay was arbitrary, capricious or without probable cause. Mrs. Simmons failed to show that medical evidence connected these bills to her on-the-job injury prior to defendant's payment of these expenses. Therefore, Mrs. Simmons is not entitled to penalties and attorney's fees for the untimely payment of these bills.
Mrs. Simmons finally argues that certain medical reports should be taxed as costs of court against the defendant. Under La.R.S. 13:3666(C) the court shall determine and tax as cost, to be paid by the party cast in judgment, the reasonable and necessary cost of medical reports. A review of Doctor Patton's medical reports show that it is not relevant on the issue upon which Mrs. Simmons prevailed. The cost of this report therefore cannot be taxed against defendant.
Likewise Doctor Bergman's report cannot be taxed as costs since plaintiff cannot prevail on the issue for which it was relevant.
For the above and foregoing reasons, the judgment of the district court is amended so as to award plaintiff-appellee Nellie Simmons the cost of her weight-reduction program *192 from August 1983 through March 20, 1984, in the amount of $300.00, with legal interest thereon from date of judicial demand until paid. The judgment is otherwise affirmed.
All costs, at trial and on appeal, are assessed one-half to appellee and one-half to appellant.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.