JiDECUIR, Judge.
This appeal arises from a claim for workers’ compensation benefits filed by Paul Terry against his employer, Terra International, Inc. The hearing officer found for the defendant and Terry lodged this appeal.
FACTS
Paul Terry was a seasonal employee of Terra International. Barring an unforeseen opening in the permanent work crew his employment would have ended a mere three weeks after the date of the accident in this case. The day before the accident he was notified by his employer that other employees had been complaining about Terry’s body odor and that he would have to do something about it. As if these worries were not enough, on June 3, 1992, Terry slipped while preparing a 1200 pound bag of fertilizer for the forklift. Terry, who by his own estimate weighed 365 pounds at the time, fell to the concrete floor of the warehouse and injured his knee.
The accident in question was not witnessed by any other employee. However, word of the incident reached Terry’s supervisor who ordered that Terry be taken to a doctor for evaluation. The doctor’s examination revealed back strain, a contusion on the knee, and morbid obesity. X-rays were also taken at the time and they revealed no visible defects. On referral of his attorney, Terry went to Dr. Louis Blanda, an orthopaedic surgeon. Dr. Blanda ordered a CT scan of the back and an arthrogram of the knee. Both tests were negative. Dr. Blanda “cautioned that he [Terry] should |2begin a program of progressive weight loss” and noted that he might have an occult lumbar disk problem and derangement of the knee. However, Dr. Blanda noted that an MRI to confirm this speculation was not possible due to obesity.
The record also reveals that Terry was examined by Dr. James McDaniel, an ortho-paedic surgeon. Dr. McDaniel concluded that there were no objective signs of injury to the back or knee and that Terry’s primary problem was his obesity. Finally, Terry was sent to see Dr. James Lafleur, an orthopae-dist. Dr. Lafleur was appointed by the hearing officer to conduct an independent medical examination. Dr. Lafleur found no objective signs of injury and recommended that Terry lose weight by modifying his diet and activities.
The hearing officer evaluated the medical evidence and the testimony of the claimant, his sister, and his supervisor and concluded that Terry had failed to carry his burden of proof that he was disabled under the Act. Terry appeals that finding.
DISCUSSION
On appeal Terry alleges that the hearing officer erred in finding that he was not disabled under the Worker’s Compensation Act, that he was not entitled to medical payments for treatment of his obesity, and that he was not entitled ■ to penalties and attorney fees. Terry relies mainly on Simmons v. Louisiana Health and Human Resources, 502 So.2d 187 (La.App. 3d Cir.), writ denied, 503 So.2d 1017 (La.1987) to support his allegation of error.
The hearing officer acknowledged Simmons in her reasons for judgment. She noted that the Simmons court had ruled that the particular employee’s weight reduction program was necessary for the treatment of her on-the-job injury. However, the hearing officer went on to properly distinguish the case on the grounds that the court in Simmons was faced with an objective finding of on-the-job injury requiring surgery. In the *1255 present ease, there are no objective findings of injury and, more importantly, no indication that Terry’s preexisting obesity combined ■with the on-the-job accident to cause the disability he alleges.
The hearing officer, thus, found that Terry had not cleared the initial hurdle of proving by clear and convincing evidence that he is disabled under the Workers’ Compensation Act. This finding is not manifestly erroneous.
The proving of disability is a threshold issue in workers’ compensation cases. Because Terry has failed to cross that threshold, his remaining assignments relating to the medical necessity ofjjweight loss treatment and penalties and attorney fees lack merit and do not warrant further consideration.
For the foregoing reasons, the judgment of the Office of Workers’ Compensation Administration hearing officer is affirmed. All costs of this appeal are assessed to claimant, Paul Terry.
Affirmed.